NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0861n.06
Filed: November 22, 2006

No. 06-5075

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| HOBERT WAYNE HUMPHREY | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| SCOTT COUNTY FISCAL COURT, et al. | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendants-Appellees. | ) | |

Before: MARTIN and COOK, Circuit Judges; TARNOW, District Judge.[*]

COOK, Circuit Judge. Plaintiff Hobert Wayne Humphrey sued the Scott County Sheriff's Department pursuant to 42 U.S.C. § 1983 for violations of the Fourteenth Amendment's due process guarantees. Relevant to this appeal, Humphrey claims the Sheriff's Department terminated him without notice and denied him the opportunity to be heard. The Sheriff's Department moved for summary judgment, which the district court granted. We affirm.

I

---

[*] The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

While serving as a deputy sheriff for the Scott County Sheriff's Department in Kentucky in December 2003, Humphrey was arrested and charged with hindering prosecution and official misconduct. The Sheriff's Department placed Humphrey on administrative leave with pay pending resolution of the charges. There is some ambiguity about what happened immediately following Humphrey's June 2004 conviction: the Sheriff's Department claims it terminated him; Humphrey says he was placed on a three-month leave. But at an October 2004 meeting, Sheriff Bobby Hammons told Humphrey that "he could not put [him] back on the road." The district court relied on this as Humphrey's notice in granting Defendant's motion for summary judgment, citing Humphrey's deposition testimony admitting that "he assumed he was terminated" as a result of the October meeting with Hammons. The district court ruled that Humphrey received all the process he was due, and alternatively, that Humphrey waived his due process claim by failing to exhaust his administrative remedies under Kentucky law. *Humphrey v. Scott County Fiscal Court*, No. 5:05-3-JMH, 2005 U.S. Dist. LEXIS 32362, at *2 (E.D. Ky. Dec. 9, 2005).

II

Humphrey claims that the Sheriff's failure to notify him in writing of his termination as specified by Ky. Rev. Stat. § 70.270 violates his Fourteenth Amendment procedural due process rights. Assuming that Humphrey had a legitimate claim to continued employment under these circumstances, we look to what process is due. *Mitchell v. Fankhauser*, 375 F.3d 477, 480 (6th Cir. 2004). While state law governs whether an individual has a protected property interest, we employ

a federal constitutional analysis to determine whether the interest was deprived fairly or arbitrarily. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985); *Black v. Parke*, 4 F.3d 442, 447 (6th Cir. 1993).

"The due process clause requires that, prior to termination, a public employee, with a property interest in his or her public employment, be given *oral* or written notice of the charges against him or her, an explanation of the employer's evidence, and an opportunity to present his or her side of the story to the employer." *Buckner v. City of Highland Park*, 901 F.2d 491, 494 (6th Cir. 1990) (citations omitted) (emphasis added). Though Kentucky law prescribes written notice, no procedural due process violation results from oral notice.

Humphrey received sufficient oral notice of his termination when he met with Sheriff Hammons in October 2004, and he admitted as much in his deposition. Humphrey's arrest and prosecution also sufficiently apprised him about the reasons for his termination. The district court aptly summarized Humphrey's notice as follows:

> Plaintiff's state court trial for Official Misconduct and Hindering Prosecution apprised him of the evidence against him stemming from his arrest on December 28, 2003. Considering that Plaintiff was fully aware that his arrest led to his being placed on administrative leave and that his conviction led to his termination, the Court does not agree that Defendants' failure to provide a written explanation of the reason why Plaintiff was terminated deprived Plaintiff of any due process protections.

*Humphrey*, 2005 U.S. Dist. LEXIS 32362, at \*12–13.  Thus, we conclude that Humphrey received sufficient notice, and his meeting with Sheriff Hammons provided the informal opportunity for discussion required.  *See Buckner*, 901 F.2d at 494.

Moreover, as the district court correctly recognized, Humphrey waived his procedural due process claim by failing to pursue the administrative remedies provided by Kentucky law.  This failure prevents him from pursuing his procedural due process claim in federal court.  As this circuit explained in *Farhat v. Jopke*, 370 F.3d 580, 596 (6th Cir. 2004) (citation omitted), "[t]he law is well-established that it is the opportunity for a post-deprivation hearing before a neutral decisionmaker that is required for due process.  As long as the procedural requirements are reasonable and give the employee notice and an opportunity to participate meaningfully, they are constitutionally adequate."  If the government provides this opportunity, and "the employee refuses to participate or chooses not to participate in the post-termination proceedings, then the employee has waived his procedural due process claim."  *Id.* (citation omitted).  Here, Ky. Rev. Stat. § 70.270(2) provided Humphrey with the right to request review of his termination by the Scott County Deputy Sheriff Merit Board.  Humphrey failed to do this and provides no plausible explanation.

III

We affirm the district court's judgment.

No. 06-5075
*Humphrey v. Scott Cnty Fiscal Ct*